UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS ALLEN, :
:
       Plaintiff, :
: Civil Action No.: 00-2429 (RMU)
v. :
:
MIKE REHMAN and : Document No.: None
WILLIAM PANOS, :
:
       Defendants. :

FILED
DEC 8 2000
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

# MEMORANDUM OPINION
### DISMISSING THE COMPLAINT FOR LACK OF JURISDICTION

## I. INTRODUCTION

The plaintiff brings this breach-of-contract action based on an alleged investment he made in a nightclub owned by the defendants. The plaintiff, Carlos Allen ("the plaintiff" or "Mr. Allen"), proceeding *pro se*, alleges that the defendants, Mike Rehman and William Panos ("the defendants"), violated a verbal agreement to give the plaintiff a 10-percent equity share and a management role in a Washington, D.C. nightclub in exchange for the plaintiff's $30,000 investment. Because the amount in controversy is less than $75,000, the court lacks diversity jurisdiction. Accordingly, the court will dismiss the plaintiff's complaint *sua sponte* for lack of diversity jurisdiction under Title 28 U.S.C. § 1332 ("section 1332").

## II. BACKGROUND

Carlos Allen, a Maryland resident, claims that on July 1, 2000 at 9:30 p.m., he entered into a verbal agreement with Washington, D.C. residents Mike Rehman and William Panos to invest in their nightclub called "Club Element." *See* Compl. at 1. Mr. Allen alleges that the deal called for him to invest $30,000 in Club Element in exchange for a 10-percent equity share and a management role. *See id.* According to the complaint:



> The defendants were in desperate need for the cash flow and plaintiff Carlos Allen provided the funds they needed. Plaintiff Carlos Allen wrote out a blank check and did not write a check out to the night club on the advice of co defendant [sic] William Panos who suggested not to place the check into their club's name because the banks will deduct [sic] the funds because of all the bad checks they had written.... The check was post dated for 7/11/2000 and was cashed 5 days before it was officially supposed to be cashed on 7/6/2000. None of the defendants came back to the plaintiff and declined the verbal agreement, until all the funds were deplited [sic].

*Id.*

Mr. Allen claims that several weeks after he gave the defendants the check, they told him they considered it a loan. *See id.* He alleges that Mr. Rehman and Mr. Panos were arguing with each other and saying "they did not agree on the deal." *See id.* On October 11, 2000, the plaintiff filed his complaint in this court. For the reasons that follow, the court will dismiss the plaintiff's complaint *sua sponte*.

### III. ANALYSIS
#### A. Legal Standard

A district court shall have original jurisdiction over a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between, among other things, "citizens of different states." *See* 28 U.S.C. § 1332. The Supreme Court has held that a district court should dismiss a case for failure to meet the jurisdictional amount requirement only if it is a "legal certainty" that the plaintiff cannot recover more than the minimum jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The *St. Paul* Court held:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

2

*Id.*

Furthermore, in 1806, the Supreme Court set forth the rule that for complete diversity to exist, no plaintiff can be a citizen of the same state as any of the defendants. *See Stawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled in part o.g., Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996); *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).

Finally, a court must dismiss a case *sua sponte* at any time if it concludes that it lacks jurisdiction over the case. *See Williams v. U.S. Dep't of Justice*, 1992 WL 35119, *1 (D.D.C. 1992); *Bogush v. Passaic Police Dep't*, 1989 WL 10604, *1 (D.D.C. 1989).

### B. The Court Will Dismiss the Complaint for Lack of Diversity Jurisdiction

Since the complaint can satisfy only one of the two prongs of section 1332 jurisdiction, the court will dismiss the case *sua sponte*. The court has reviewed the complaint and reserves comment on its technical defects, finding instead that the complaint is legally defective for lack of jurisdiction. For the sake of analysis, the court accepts the plaintiff's characterization of the claims alleged in the complaint. *See, e.g., Baker v. State Farm Ins. Cos.*, slip op., Dkt. No. 2000-328 (D.D.C. May 31, 2000) (Urbina, J.), *aff'd*, 2000 WL 1683504 (D.C. Cir. 2000).

The plaintiff satisfies one prong of section 1332 by alleging complete diversity of citizenship.[1] Unfortunately for the plaintiff, however, he specifically states that the alleged breach of contract concerned a "$30,000 investment." *See* Compl. at 1. Applying the Supreme Court test, therefore, the court concludes that it is a "legal certainty" that the plaintiff cannot meet the minimum jurisdictional requirement – $75,000 – set forth in section 1332. *See St. Paul Mercury Indemnity Co.*, 303 U.S. at 288; 28 U.S.C. § 1332. Accordingly, the court lacks jurisdiction over this case.[2]

---

[1] While the text of the complaint does not mention the residences of any of the parties, the plaintiff has included the parties' addresses in the complaint's caption. Because this plaintiff is acting *pro se*, the court will grant wider latitude and will not penalize the plaintiff for this technical defect. Thus, the court deems it sufficient that the caption notes that the plaintiff lives in Maryland and that both defendants live in Washington, D.C.

[2] This opinion should not be read to say that the court deems the plaintiff's claims meritless. Rather, the court takes no position on the validity of the plaintiff's claims. If the plaintiff would

## IV. CONCLUSION

For all of these reasons, the court dismisses the plaintiff's complaint for lack of jurisdiction pursuant to Title 28 U.S.C. § 1332. An order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of December, 2000.

                                                    Ricardo M. Urbina
                                                    United States District Judge

---

like to pursue his claims further, he might consider filing a complaint in the D.C. Superior Court, for example.